FILED

__ o'clock & ___ min ___ M

APR 2 8 2009

United States Bankruptcy Court
Columbia, South Carolina (25)

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Esther Lee Schmale,

Debtor(s).

C/A No. 08-03315-JW

Chapter 13

**ORDER**

ENTERED
APR 2 8 2009
SRP

This matter comes before the Court upon the Trustee's Objection to Claim. The Trustee seeks to disallow the claim of Fan Distributing, LLC ("Fan") on the basis that Fan's claim is duplicative of the claim of Roundup Funding, LLC ("Roundup"). Fan filed a timely response opposing the Trustee's Objection. After considering the evidence presented and the arguments of counsel and the Trustee at the hearing, the Court makes the following Findings of Fact and Conclusions of Law.[1]

### Findings of Fact

1.      Roundup filed Proof of Claim Number 4 on July 30, 2008, in the amount of $10,586.86. In an attached document, Roundup indicated the debt originated with Chase Manhattan Bank ("Chase") on October 1, 1996. Roundup further provided Debtor last made a payment on the account on November 13, 2000, and the charge off date was June 22, 2001. Roundup listed the last four digits of the account number as "5320."

2.      Fan filed Proof of Claim Number 6 on August 26, 2008, in the amount of $9,222.19. Fan attached a one-page document that appeared to be a billing statement, dated August 26, 2008. In the attachment, Fan indicated the debt originated with Chase, but it did not provide a date on which the original account was opened, the amount of the original debt, or the nature of the original debt. The statement further listed the last

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

payment date as November 13, 2000, and the last four digits of the account number as "4318." The statement provided that as of the last payment date, the debt amounted to $3,277.86, and the interest through June 2, 2008, at a rate of 24% per annum, was $5,944.33.

3.    Debtor did not list Fan, Roundup, or Chase as a creditor on her schedules, and no debt listed on her schedules appears similar to the debts asserted in the proofs of claim filed by Fan and Roundup.

Conclusions of Law

A creditor's claim is deemed allowed if a timely proof of claim is filed unless a party in interest objects to the claim.  11 U.S.C. § 502(a).[2]  If an objection to a claim is made, the court must determine the amount of the claim and allow the claim unless there is a prescribed ground for disallowing the claim.  § 502(b).  Rule 3001(a) provides that a proof of claim must "conform substantially to the appropriate Official Form."  If a claim is based on a writing, documents supporting the claim must be filed with the proof of claim.  Rule 3001(c).  Official Form 10 instructs the claimant to attach copies of supporting documents, "such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements."  The form further states, "[y]ou may also attach a summary," and "[i]f the documents are not available, please explain."

A proof of claim executed and filed in accordance with the Rules is "prima facie evidence of the validity and amount of the claim."  Rule 3001(f).  Consequently, the party objecting to a claim is given the burden of presenting evidence to overcome the prima

---

[2] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 et seq., will be by section number only. Reference to the Federal Rules of Bankruptcy Procedure will be by rule number only.

facie presumption of validity. In re Hinton, C/A No. 06-05584-JW, slip op. (Bankr.

D.S.C. Sept. 11, 2007) (citing In re Ford, C/A No. 05-44958-JW, slip op. at 3 (Bankr.

D.S.C. Mar. 10, 2006)).  However, if sufficient documentation is not attached to the proof

of claim form, the validity and the amount of the claim are not presumed. In re Prevatte,

C/A No. 06-03131-DD, slip op. (Bankr. D.S.C. Jan 29, 2007).  Furthermore, while a

majority of courts hold that a claimant's failure to attach documents is not, by itself, a

basis for disallowance of a claim, a trustee's objection on substantive grounds that the

creditor has failed to verify the validity, ownership, or amount of the claim is a basis for

disallowance. See id.; In re King, 2009 WL 960766 at *2-4 (Bankr. E.D. Va. Apr. 8,

2009).

    The Trustee objected to Fan's proof of claim on the basis that the claims of Fan

and Roundup appeared to represent the same debt, and thus, were duplicative.  In its

response to the Trustee's objection, Fan denied its claim was duplicative, noting the

different account numbers given in the creditors' claims.  Further, Fan submitted the

affidavit of the custodian of Fan's assignor, CACV of Colorado, LLC ("CACV").  In the

affidavit, the custodian verified the assignment from Chase to CACV, the assignment

from CACV to Fan, and the amount of the assigned debt between the three.  Fan also

submitted a bill of sale evidencing the assignment between Chase and CACV.

    At the hearing on the Trustee's objection, the Trustee argued the documentation

submitted in support of Fan's proof of claim was insufficient.[3]  Counsel for Fan stated no

further documents regarding Chase's origination of the debt were available because such

---

[3] The Trustee also noted the statute of limitations likely poses a problem for both claims, a point with
which the Court agrees. See Hinton, C/A No. 06-05584 (applying a three-year statute of limitations,
pursuant to S.C. Code Ann. § 15-3-530, to a creditor's claim based upon a contract, obligation, or liability,
and finding the limitation period began to run at the time of the debtor's default).

documentation was destroyed by Chase.

The Court finds that even if the sparse documentation originally attached to Fan's proof of claim was sufficient to satisfy the requirements of Rule 3001(c), the Trustee's arguments sufficiently rebutted any presumption of validity. Following the Trustee's objection, Fan failed to sufficiently substantiate its claim. While the affidavit and bill of sale may verify Fan's ownership of the debt, it does not prove the validity of the original debt or the amount of the debt. Additionally, Debtor's schedules do not admit the claims of Fan or Roundup, or any debt similar in amount. Accordingly, the Court sustains the Trustee's objection and finds that Fan's claim is disallowed.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
April 28, 2009